### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| § | **CASE NUMBER 6:09-CR-00053-JCB** |
| **v.** § | |
| § | |
| § | |
| **RONALD JACK EDWARDS (2),** § | |
| § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On January 3, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Ronald Jack Edwards. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Greg Waldron.

Defendant originally pled guilty to the offense of Conspiracy to Possess With Intent to Distribute and Distribution of Less Than 50 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Class C felony. This offense carried statutory maximum imprisonment terms of 20 years. The guideline imprisonment range, based on a total offense level of 29 and criminal history category of VI, was 151 to 188 months. On November 16, 2010, U.S. District Judge Leonard Davis sentenced Defendant to 160 months imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and a $100 special assessment. On August 18, 2020, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was required to refrain from any unlawful possession or use of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release on December 20, 2022, April 12, 2023, and April 28, 2023, by submitting urine specimens that tested positive for methamphetamine. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised released. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by possession of controlled substances as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 21 months imprisonment, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Ronald Jack Edward's plea of true be accepted and he be sentenced to 21 months imprisonment, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, Texas and that Defendant receive drug treatment, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 3rd day of January, 2024.**

                                                  JOHN D. LOVE
                                      UNITED STATES MAGISTRATE JUDGE